IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>PATRICIA MCCLISTER,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S *PRO SE* MOTION FOR EARLY TERMINATION OF PROBATION<br><br><br><br>Case No. 2:02-CR-87 TS |

This matter is before the Court for consideration of Defendant Patricia McClister's *Pro Se* Motion for Early Termination of Supervised Release.[1]  In her Motion, Defendant seeks early termination of her supervised release pursuant to 18 U.S.C. § 3583(e).  Having considered the file, the circumstances presented by this case, and being otherwise fully informed, the Court will grant Defendant's Motion, as set forth below.

---

[1] Docket No. 419.

1

## DISCUSSION

On March 3, 2003, Defendant pleaded guilty to one count of conspiracy to manufacture fifty grams or more of a mixture or substance containing methamphetamine, a violation of 21 U.S.C. §§ 841(a)(1) and 846.[2] Defendant was sentenced to a term of forty-eight months of supervised release.[3] Defendant's term of supervised release began on February 21, 2006, and is scheduled to expire on February 20, 2010.

While incarcerated Defendant successfully completed the Residential Drug Abuse Program ("RDAP") and, upon her release, successfully completed outpatient substance abuse treatment at the Intermountain Specialized Abuse Treatment program ("ISAT"). Defendant has abstained from the use of illicit substances. Defendant has been cooperative with the United States Probation Office and has fully complied with the conditions of her release. She has also satisfied her court-ordered obligations and has maintained full-time employment.

The government objects to Defendant's Motion arguing that the Court lacks the ability to terminate Defendant's supervised release prematurely. Additionally, the government argues that even if early termination were available, such early termination would be inappropriate because Defendant has served less than half of her supervised release term.

Defendant was sentenced pursuant to 21 U.S.C. § 841(b)(1)(B) which states, in pertinent part, that "[n]otwithstanding section 3583 of Title 18, any sentence *imposed* under this subparagraph shall . . . include a term of supervised release of at least 4 years in addition to such

---

[2]Docket No. 212.

[3]Docket No. 303.

term of imprisonment. . . ."[4]  The government argues that this statutory language requires Defendant to serve the entire four year term of supervised release the Court is required to impose under this provision.

18 U.S.C. § 3583(e), however, permits the Court to terminate supervised release at any time after a defendant has completed at least one year of supervised release, but prior to completion of the entire term, if the Court is satisfied that such action is 1) warranted by the conduct of an offender and 2) is in the interest of justice.  In making this determination, the Court is directed to consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.

Two courts have addressed the conflict between the minimum mandatory supervised release terms in the Anti-Drug Abuse Act and the Court's ability to terminate supervised release under 18 U.S.C. § 3583(e).  In *United States v. Spinelle*,[5] the court addressed the issue of whether the district court had the authority under 18 U.S.C. § 3583(e) to terminate supervised release for a defendant who had been sentenced pursuant to 21 U.S.C. § 841(b)(1)(C).[6]  21 U.S.C. § 841(b)(1)(C), provides that "[a]ny sentence imposing a term of imprisonment under this paragraph shall . . . impose a term of supervised release of at least 3 years in addition to such term of imprisonment . . . ."[7]  The court held that the sentencing phase is separate from the post-

---

[4] 21 U.S.C. § 841(b)(1)(B) (emphasis added).

[5] 41 F.3d 1056 (6th Cir. 1994).

[6] *Id*. at 1057.

[7] *Id*. at 1058.

sentence modification stage.[8]  Thus, pursuant to 21 U.S.C. § 841(b)(1)(C), the sentencing court was required to impose a term of supervised release of three years.[9]  The sentencing court satisfied this provision when it sentenced the defendant.[10]  However, the court retained the authority to terminate the defendant's supervised release.  "Congress did not alter the court's separate authority to *terminate* a sentence of supervised release, under 18 U.S.C. § 3583(e)(1), if the conduct of the person and the interest of justice warranted it."[11]  As a result, the court held "that a district court has discretionary authority to terminate a term of supervised release after the completion of one year, pursuant to 18 U.S.C. § 3583(e)(1), even if the defendant was sentenced to a mandatory term of supervised release under 21 U.S.C. § 841(b)(1)(C) and 18 U.S.C. § 3583(a).[12]

In 2005, the Northern District of Illinois addressed the same issue that is currently before the Court in *United States v. Scott*.[13]  In that case, Scott was sentenced pursuant to 21 U.S.C. § 841(b)(1)(B), which provides that "[n]otwithstanding section 3583 of Title 18, any sentence imposed under this subparagraph shall . . . include a term of supervised release of at least 4 years in addition to such term of imprisonment. . . ."[14]  In examining the statutes, the court held that

---

[8] *Id*. at 1059–60.

[9] *Id*. at 1059.

[10] *Id*.

[11] *Id*. at 1060.

[12] *Id*. at 1060–61.

[13] 362 F.Supp. 2d 982 (N.D. Ill. 2005).

[14] *Id*. at 983.

4

"[t]he *imposition* of [the] sentences required by § 841 . . . cannot be read to require the full *service* of the sentences in the face of other statutes allowing relief from such service, such as § 3583(e).  Once the sentencing judge has imposed the sentence required by § 841 . . . he has fulfilled the mandate of that statute."[15]  Considering the legislative history and the purpose behind the statutes, the court concluded "that Congress intended to exclude the maximum periods of supervised release otherwise set forth in § 3583(b), leaving untouched the possibility of early termination of supervised released allowed by § 3583(e)."[16]

This Court agrees with and adopts the reasoning of the Sixth Circuit and the Northern District of Illinois on this issue.  Section 841(b)(1)(B) required the Court to impose a minimum of four years of supervised release on Defendant at the time of her sentencing.  The Court fulfilled its obligation under that statute when it sentenced Defendant to the four year minimum mandatory term.  However, the Court retains the authority under 18 U.S.C. § 3583(e) to terminate Defendant's term of supervised release before her four year term has run.  Thus, the government's objection to Defendant's Motion is overruled.

The only other objection raised by the government is that Defendant has served less than half of her term of supervised release.  Defendant will reach the half way point of her term in a little over one month.  Thus, the government's objection is easily resolved by making Defendant's termination effective on February 20, 2008.

Having considered the factors set forth in 18 U.S.C. § 3553(a) and the materials in the file, the Court finds that early termination of supervised release is appropriate here.

---

[15] *Id*. at 984.

[16] *Id*.

Based upon the above, it is hereby

ORDERED that Defendant's *Pro Se* Motion for Early Termination of Supervised Release (Docket No. 419) is GRANTED.  It is further

ORDERED that Defendant's term of supervised release shall be terminated effective February 20, 2008.

SO ORDERED.

DATED  January 14, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge